# United States Court of Appeals for the Tenth Circuit
### OFFICE OF THE CLERK
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303)844-3157

Elisabeth A. Shumaker
Clerk of Court

Douglas E. Cressler
Chief Deputy Clerk

February 28, 2007

Mr. Mark Steven Mead
Sterling Correctional Facility
#111019
P.O. Box 6000
Sterling, CO 80751

Mr. John W. Suthers
Attorney General
State of Colorado
Department of Law
1525 Sherman Street, 5th Floor
Denver, CO 80203

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 2 3 2007

GREGORY C. LANGHAM
CLERK

    Re:    07-1015, Mead v. Warden Milyard
           Dist/Ag docket: 06-CV-1059-BNB

Dear Counsel:

    Enclosed is a copy of an order entered today in this case.

    Please contact this office if you have questions.

                              Sincerely,

                              Elisabeth A. Shumaker
                              Clerk, Court of Appeals

                            By:
                                Deputy Clerk

clk:klp

cc:    Gregory C. Langham, Clerk

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

MARK STEVEN MEAD,

    Movant,

v.

WARDEN MILYARD;
JOHN SUTHERS, Attorney General
of the State of Colorado,

    Respondents.

No. 07-1015
(D.C. No. 06-CV-1059-BNB)

A true copy

Teste

Elisabeth A. Shumaker
Clerk, U.S. Court of
Appeals, Tenth Circuit

Deputy Clerk

ORDER
Filed February 28, 2007

Before **HARTZ**, **EBEL**, and **McCONNELL**, Circuit Judges.

Movant Mark Steven Mead filed in the district court a habeas petition under 28 U.S.C. § 2254 challenging his sentence on a Colorado conviction for aggravated motor vehicle theft and theft by deception. Because Mr. Mead had unsuccessfully challenged the same conviction in a prior habeas proceeding, *Mead v. Colorado*, No. 04-146-ZLW (D. Colo. 2004), *appeal dismissed*, 52 F. App'x 123 (10th Cir. Dec. 9, 2002), the district court held that this petition was second or successive and transferred the matter to this court so that Mr. Mead could seek the necessary authorization to proceed under 28 U.S.C. § 2244(b).

Mr. Mead's request for § 2244(b) authorization cites one ground for relief: that he received an enhanced sentence in violation of *Blakely v. Washington*, 542 U.S. 296 (2004), and *Cunningham v. California*, 127 S. Ct. 856 (2007). Motion for Leave to File a Second or Successive Habeas Corpus Petition at 6. He raised this claim in state court by motion to correct sentence under Colo. R. Crim. P. 35, which the trial court denied on the basis that he had agreed, through his plea, to sentencing in an enhanced range. That ruling was affirmed, but on the broader legal basis that Mr. Mead's sentence had been enhanced on a ground (prior convictions) specifically exempt from the rule of *Blakely*. *See State v. Mead*, No. 04CA1903 (Colo. Ct. App. Oct. 6, 2005), *cert. denied*, No. 06SC108 (Colo. May 8, 2006). Mr. Mead argues his claim should be authorized under § 2244(b)(2)(A), i.e., that it "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

We conclude that § 2244(b)(2)(A) authorization is unwarranted for two reasons. First, the Supreme Court has never held that *Blakely* (or any of the decisions in the line of precedent including *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely*, *United States v. Booker*, 543 U.S. 220 (2005), and *Cunningham*) applies retroactively to cases on collateral review and, thus, it cannot support a second or successive petition. *See Leonard v. United States*, 383 F.3d 1146, 1148 (10th Cir. 2004) (holding *Blakely* cannot support second or successive proceeding

because it has not been made retroactive to collateral review); *see also Bey v. United States*, 399 F.3d 1266, 1268-69 (10th Cir. 2005) (holding *Booker* cannot support second or successive proceeding for same reason).

Second, as the state appellate court explained, Mr. Mead's sentence was enhanced on account of prior convictions – a basis for enhancement specifically excepted from the constitutional prohibition on judge-found facts established by the case law he cites in support of authorization under § 2244(b)(2)(A). "From *Apprendi* to *Blakely* to *Booker*, the [Supreme] Court has continued to except such factfinding [permitted by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998)] from the requirements of the Sixth Amendment" enforced by *Blakely* and similar decisions. *United States v. Bradley*, 400 F.3d 459, 462-63 (6th Cir.), *cert. denied*, 126 S. Ct. 145 (2005). Thus, the very precedent invoked by Mr. Mead categorically excludes from its scope the kind of claim he asserts. *Cunningham*, 127 S. Ct. at 860 (prohibition on enhancement of sentence over statutory maximum based on judge-found facts extends to any "fact, *other than a prior conviction*" (emphasis added)); *Blakely*, 542 U.S. at 301 ("*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury" (emphasis added and quotation omitted)). Consequently, even if *Cunningham* or *Blakely* were applied retroactively to cases on collateral review, Mr. Mead could not make a prima

facie showing that he relies on the rule of constitutional law that they establish, as required under §§ 2244(b)(2)(A) & (b)(3)(C).

Authorization to file a second or successive § 2254 petition is DENIED and the matter is DISMISSED. This order is not subject to further review by way of rehearing, appeal, or writ of certiorari. *See* 28 U.S.C. § 2244(b)(3)(E).

> Entered for the Court
> ELISABETH A. SHUMAKER, Clerk
>
> By:
>   Deputy Clerk